

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 23, 1959

Honorable Ernest O. Thompson, Chairman
Railroad Commission of Texas
Austin, Texas

Opinion No. WW-578

Re: Under the provisions
of the appropriation
for the Gas Utilities
Division of the Rail-
road Commission as
contained in the Ap-
propriation Act, 55th
Leg. R.S. 1957, can
the Commission employ
a firm of Public Utility
Accountants for evaluation
Dear Mr. Thompson:                        services.

        You have requested an opinion on the following
questions:

        "Question No. 1:  Can the Commission
utilize the savings in salaried items in
the employment of a qualified public utili-
ty evaluation service?

        "Question No. 2:  Can the Commission
likewise utilize the sum appropriated un-
der Item 48 'For Other Expense' and which
reads 'and other necessary expenses to be
incurred in the administration and enforce-
ment, etc.'?"

        You state in your letter that the Railroad Com-
mission by reason of inadequate appropriation and inade-
quate salary authorization has not been able to maintain
a staff of auditors and engineers to properly evaluate
the testimony presented in a recent hearing on an appli-
cation of the Loan Star Gas Company for authorization to
increase the cost of gas in its intra-city operations,
and that it will be necessary to employ a capable experi-
enced firm of public utility accountants to carry out
the Commission's duty in properly evaluating the evi-
dence and exhibits already introduced.

Article 6065, Vernon's Civil Statutes provides in part as follows:

"The Commission may employ and appoint, from time to time, such experts, assistants, accountants, engineers, clerks and other persons as it deems necessary to enable it at all times to inspect and audit all records or receipts, disbursements, vouchers, prices, payrolls, time cards, books and official records, to inspect all property and records of the utilities subject to the provisions hereof, and to perform such other services as may be directed by the Commission or under its authority."

Pursuant to the above quoted provisions, the Railroad Commission has the authority to enter into contracts to acquire the services of experts in a particular case.

The Legislature by line item has appropriated moneys for the payment of various salaries of employees in the Gas Utilities Division. Following these line items for the payment of salaries and wages, Item 48 appropriates moneys for other expenses as follows:

"Sheriffs' and witness fees, postage, books, bond premiums, stationery, telephone and telegraph, equipment, travel, the maintenance, operation and replacement of one passenger vehicle, and other necessary expenses to be incurred in the administration and enforcement of, and as contemplated by the provisions of Chapter 16 of the General Laws of Texas, 1925, as amended and the provisions of Chapter 2 (H.B. No. 792), Acts of the Forty-sixth Legislature . . .

"It is expressly provided that any saving in the salaried items for the Gas Utilities Division may be expended for necessary Other Expense items shown in Item No. 48, during each of the fiscal years of the biennium beginning September 1, 1957." (Emphasis ours.)

Section 8 of Article VI of House Bill 133, Acts of the 55th Legislature (General Appropriation Act) provides:

"Sec. 8. Limitations on use of Other Expense funds for paying salaries and wages. None of the funds appropriated in Article I, II and III of this act in items designated for travel expense, other operating expense, for capital outlay or equipment, or for maintenance, miscellaneous and contingent expenses, may be used for paying any salaries and wages unless the language of those items explicitly authorizes such use.

"In those instances where the language of such items does explicitly authorize the use of such funds for paying salaries and wages, such employees shall not be paid a larger amount than that provided in the regular appropriated salary items for similar positions in such agency of the State. In the event there are no similar positions within such agency, then such employees shall not be paid a larger amount than that provided for similar work or positions elsewhere in the State Government. In the event common laborers, skilled laborers, and mechanics cannot be obtained at the salary rates indicated in this paragraph, then the head of such agency of the State may pay for temporary employment only at rates not exceeding the prevailing wage scale paid in the locality where temporary service is to be rendered."

Since Item 48 is "For Other Expenses" the prohibition contained in Section 8 of Article VI above quoted applies to the expenditure of Item 48, together with the moneys available for expenditure for other expenses which is saved from salary items for the Gas Utilities Division.

Therefore, the question presented by you is whether the employment of a firm of public utility accountants as experts in their field to make the evaluation proposed in your request constitutes the payment of salaries or wages

or constitutes a contingent expense necessary to the operation of the Railroad Commission in this particular case.

Since the proposed contract is not for the performance of duties generally for the Commission, but is entered into in order to acquire the services of expert valuation accountants and/or engineers to carry out a specific valuation in a particular case, it is our opinion that such contract does not constitute the payment of any salary or wage. On the contrary, such expenditure is a necessary expense to the Commission under the facts submitted and, therefore, payable out of Item 48 and any sum transferred to Item 48 which is saved from salaried items. Your questions are, therefore, answered in the affirmative.

## SUMMARY

Item 48 of the appropriation to the Railroad Commission may be expended for the purpose of contracting with a firm of experts to make necessary evaluations enabling the Railroad Commission to carry out its duty in evaluating the testimony adduced at a hearing before the Railroad Commission.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:rm:mfh

APPROVED:

OPINION COMMITTEE
Geo. P. Elackburn, Chairman

Jot Hodges, Jr.
Grundy Williams
Grady H. Chandler
Wallace Finfrock

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. GEPPERT